IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUSAN COLLEEN STRUNK | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, Acting | : | |
| Commissioner of Social Security[1] | : | NO.  20-3278 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY, U.S.M.J.                                    May 2, 2022

Susan Colleen Strunk ("Plaintiff") seeks review of the Commissioner's

("Defendant") decision denying her claim for disability insurance benefits ("DIB").  For

the following reasons, I will grant the Defendant's uncontested motion for remand and

remand this matter for further proceedings.

I.     **PROCEDURAL HISTORY**

Plaintiff was born on February 22, 1965, and protectively filed for DIB on

September 12, 2016, alleging disability as of October 1, 2015, as a result of major

depression, anxiety, bipolar disorder, attention deficit hyperactivity disorder,

gastroesophageal reflux disease ("GERD"), arthritis, and hypothyroidism.  Tr. at 169,

244, 261.[2]   After her claim was denied initially, id. at 183-87, she requested a hearing

---

[1]Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9,
2021.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Ms. Kijakazi
should be substituted for the former Commissioner of Social Security, Andrew Saul, as
the defendant in this action.  No further action need be taken to continue this suit
pursuant to section 205(g) of the Social Security Act.  42 U.S.C. § 405(g).

[2]Plaintiff filed two prior claims for benefits in 2013 and 2014.  Tr. at 171.  The
Appeals Council denied review in the 2013 application, and Plaintiff withdrew her

before an administrative law judge ("ALJ"), id. at 188-89, which was held on June 22, 2018 and February 27, 2019.  Id. at 35-68, 102-40.[3]  On March 26, 2019, the ALJ issued her decision denying Plaintiff's claim.  Id. at 16-28.  On May 12, 2020, the Appeals Council denied Plaintiff's request for review, id. at 1-3, making the ALJ's March 26, 2019 decision the final decision of the Commissioner.  20 C.F.R. § 404.981.

Plaintiff initiated this action by filing her complaint on July 2, 2020, Doc. 1, and a brief in support of her request for review on March 23, 2022.  Doc. 26.  In response, Defendant filed an uncontested motion for remand, noting that "further evaluation of Plaintiff's claim is warranted."  Doc. 29 ¶ 2.[4]

## II.   **DISCUSSION**

The ALJ found that Plaintiff suffered from the following severe impairments: depressive disorder, anxiety, bipolar disorder, and eczema.  Tr. at 19.  The ALJ found that Plaintiff's hypothyroidism, arthritis, and GERD are not severe as they are well controlled with medication and appropriate treatment.  Id. at 20.  In her assessment of

---

request for an administrative hearing with respect to the 2014 application.  Id. at 168, 171.

To be entitled to DIB, Plaintiff must establish that she became disabled on or before her date last insured, 20 C.F.R. § 404.101(a), which was determined to be September 30, 2016.  Tr. at 19, 169, 170.

[3]After the first administrative hearing, a consultative examination was ordered. Tr. at 40, 139, 696-703.

[4]The parties consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  See Standing Order, In RE:  Direct Assignment of Social Security Appeal Cases to Magistrate Judges (Pilot Program) (E.D. Pa. Sept. 4, 2018); Doc. 4.

Plaintiff's residual functional capacity ("RFC"), the ALJ found Plaintiff capable of performing medium work with the following limitations:  understand, remember and carry out very short, simple instructions for one-hour periods before requiring five-minutes off task to complete an eight-hour workday; never interact with the public; occasionally interact with co-workers in a job that is low stress and not performed at a production rate pace.  Id. at 21.  Throughout her decision, the ALJ referred to a prior ALJ decision from April 10, 2014, see id. at 17, 20, 21, 25, 27, and the ALJ applied Acquiescence Ruling 00-1(4) ("AR 00-1(4)") which requires the ALJ to consider any prior finding by an ALJ when adjudicating a subsequent disability claim involving an un-adjudicated period.  Id. at 17.

In her brief and statement of issues, Plaintiff argues that the ALJ erred by (1) applying Acquiescence Ruling 00-1(4), (2) failing to evaluate all of the vocational evidence, and (3) failing to consider the observations of a social security employee.  Doc. 26.  As previously mentioned, Defendant responded with an uncontested motion to remand.  Doc. 29.  In view of the remand motion, I will comment only briefly on the ALJ's decision and the record.

With respect to Plaintiff's second issue, there appears to be a conflict in the vocational expert ("VE") testimony in this case.  At the hearing held on February 27, 2019, the VE testified that an individual of the Plaintiff's age, education, and work experience, who could perform medium work, understand, remember, and carry out very short, simple instructions for a one-hour period with a five minute break or be off-task for five minutes, with no interaction with the general public and occasional interaction with

3

coworkers and supervisors, who could work in a job that is low stress and not performed at a production-rate pace, could perform the jobs of stores laborer, general kitchen helper, and hand packager.  Tr. at 62-63.  However, when asked a hypothetical containing the same limitations at the first hearing on June 22, 2018, a different VE testified that such an individual would not be able to sustain competitive employment.  Id. at 134-35.  Because this is the RFC assessment the ALJ adopted, id. at 21, the VE's response to the hypothetical is critical.  The ALJ relied on the testimony of the VE from the February 27, 2019 hearing, without acknowledging the earlier VE testimony or the inherent conflict in the vocational evidence.

Plaintiff also complains that the ALJ failed to consider vocational evidence submitted by Plaintiff's counsel from Steven Gumerman, Ph.D.  Doc. 26 at 14-16; tr. at 349.  It is unclear whether the ALJ overlooked this evidence or rejected it for some reason.  See Burnett v. Comm'r of Soc. Sec., 220 F.3d 112, 121 (3d Cir. 2000) ("In the absence of [an indication of the evidence rejected and reason for rejection], the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.") (quoting Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).  Because the ALJ will have to revisit the vocational evidence on remand, the ALJ shall explain if/how Dr. Gumerman's letter is considered and provide a reason if rejecting it.

In her third issue, Plaintiff complains that the ALJ failed to consider the observations of Plaintiff made by a Field Office employee.  Doc. 26 at 17-19.  Specifically, in completing the Field Office Disability Report, the employee noted that Plaintiff had difficulty with concentration and answering questions.  Tr. at 258.  In

"Observations," the employee noted that "when [Plaintiff] walked up, [she] was in tears, had trouble w/ memory."  Id.  In evaluating a claimant's symptoms, the Administration will consider observations from agency personnel.  See Social Security Ruling 16-3p, "Titles II and XVI:  Evaluation of Symptoms in Disability Claims," 2017 WL 5180304, at *7 (Oct. 25, 2017) ("We will consider any statements in the record noted by agency personnel who previously interviewed the individual"); see also Diggs v. Colvin, Civ. No. 13-4336, 2015 WL 3477533, at *3 (E.D. Pa. May 29, 2015) (noting error in failing to consider Field Office observations in considering claimant's credibility).  Here the ALJ made no mention of the observations of the Field Office employee.  On remand, this evidence should be considered in evaluating Plaintiff's symptoms.

Finally, as to Plaintiff's first issue, she complains that the ALJ's reliance on AR 00-1(4) was improper in this Circuit.  AR 00-1(4) is based on the Fourth Circuit Court of Appeals decisions in Lively v. Secretary Health and Human Services, 820 F.2d 1391 (4th Cir. 1987), and Albright v. Commissioner of the Social Security Administration, 174 F.3d 473 (4th Cir. 1999).  The Ruling affects how a decision on a prior disability claim affects evaluation of a subsequent claim.

> In a subsequent disability claim, SSA considers the issue of disability with respect to a period of time **that was not adjudicated** in the final determination or decision on the prior claim to be a new issue that requires an independent evaluation from that made in the prior adjudication.  Thus, when adjudicating a subsequent disability claim **involving an unadjudicated period**, SSA considers the facts and issues **de novo** in determining disability with respect to the unadjudicated period.  SSA does not consider prior findings made in the final determination or decision on the prior claim

>as evidence in determining disability with respect to the unadjudicated period involved in the subsequent claim.
>
>SSA interprets the decision by the United States Court of Appeals for the Fourth Circuit in <u>Albright</u> to hold that where a final decision of SSA after a hearing on a prior disability claim contains a finding required at a step in the sequential evaluation process for determining disability, SSA **must consider such finding** as evidence and give it appropriate weight in light of all relevant facts and circumstances **when adjudicating a subsequent disability claim involving an unadjudicated period.**

AR 00-1(4), "(Interpreting <u>Lively v. Secretary of Health and Human Services</u>) -- Effect of Prior Disability Findings on Adjudication of a Subsequent Disability Claim Titles II and XVI of the Social Security Act," 2000 WL 43774, at *3-4 (Jan. 12, 2000) (emphasis added).  The Ruling makes clear that it applies "only to disability findings in cases involving claimants who reside in Maryland, North Carolina, South Carolina, Virginia or West Virginia at the time of the determination or decision on the subsequent claim at the initial, reconsideration, ALJ hearing or Appeals Council level." <u>Id.</u> at *4.[5]  In contrast, courts in the Third Circuit have noted that an earlier decision by an ALJ is not binding on another ALJ in a subsequent disability review.  <u>See</u> <u>Soli v. Astrue</u>, Civ. No. 08-3483, 2010 WL 2898798, at *6 (E.D. Pa. July 22, 2010) (citing <u>Carter v. Barnhart</u>, 133 F. App'x 33, 35 (3d Cir. 2005) (ALJ not bound by prior findings under doctrine of res

---

[5]All indications are that Plaintiff lived in this judicial district during the relevant period.  <u>See</u> <u>tr.</u> at 37 (hearing held in Philadelphia, although ALJ appeared from Richmond, Virginia), 72 (Notice of Hearing sent to Plaintiff at Ambler address), 244 (Application with Willow Grove address), 260 (Disability Report noting Willow Grove as address), 360 (treatment notes from Einstein Medical Center of Philadelphia dated July 31, 2014), 373 (Office Visit Report from Richard Harkaway, M.D., in Philadelphia).

judicata because the record contained new evidence and a later time period was involved).  Although not binding, "a prior decision as to a claimant's disability . . . is evidence under [the applicable regulations] and must be considered by the ALJ when evaluating a claim for benefits."  Id. (quoting Zavilla v. Astrue, Civ. No. 09-133, 2009 WL 3364853, at *16 (W.D. Pa. Oct. 16, 2009)).

It is clear that the ALJ's conclusion that AR 00-1(4) was applicable to this case was error.  It is unclear, however, to what extent the ALJ believed herself to be bound by the prior decision as she gave certain findings little weight based on the passage of time and the submission of additional evidence.  The ALJ shall clarify her consideration of the prior decision.

### III.  CONCLUSION

For the foregoing reasons, I will grant the Defendant's motion for remand.  An appropriate Order and Judgment Order follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUSAN COLLEEN STRUNK | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, Acting | : | |
| Commissioner of Social Security | : | NO.  20-3278 |

## O R D E R

AND NOW, this 2nd day of May, 2022, upon consideration of Plaintiff's brief
(Doc. 26), Defendant's Uncontested Motion to Remand (Doc. 29), and the administrative
record (Doc. 15), IT IS HEREBY ORDERED that the Motion for Remand is
GRANTED, and the case is REMANDED for further proceedings.

This remand is ordered pursuant to the fourth sentence of 42 U.S.C. § 405(g).  The
Clerk of Court shall mark this case closed for statistical purposes.

BY THE COURT:

/s/ Elizabeth T. Hey

_____

ELIZABETH T. HEY, U.S.M.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUSAN COLLEEN STRUNK | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, Acting | : | |
| Commissioner of Social Security | : | NO.  20-3278 |

## <u>JUDGMENT ORDER</u>

AND NOW, this   2nd   day of May, 2022, the Court having separately ordered the

remand of this action for further administrative proceedings pursuant to the fourth

sentence of 42 U.S.C. § 405(g), IT IS FURTHER ORDERED that final judgment in favor

of Plaintiff is entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.

BY THE COURT:

/s/ Elizabeth T. Hey

_____

ELIZABETH T. HEY, U.S.M.J.